

230 Park Avenue
4th Floor West
New York, NY 10169

T  212.520.1172
F  646.349.5567

www.LombardIP.com

DARREN M. GELIEBTER
E-MAIL: *dgeliebter@lombardip.com*

June 8, 2021

<u>Via ECF</u>

Hon. Margo K. Brodie
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

      Re:   *Northern Food I/E, Inc. v. OCM Globe Inc. et al.*,
              **No. 1:21-cv-01813 MKB-SJB**
              <u>Request For Pre-Motion Conference and Leave to File Motion</u>

Dear Judge Brodie:

      This firm represents Defendants OCM Globe Inc., OCM Group USA Inc., OCM Group USA, NJ, Inc., Gang Wang, and Yaotian Li (collectively, "Defendants") in the above-referenced matter. Defendants hereby request, pursuant to Your Honor's Individual Practice and Rules, a pre-motion conference and leave to file a motion to dismiss Plaintiff's Complaint for lack of personal jurisdiction under Federal Rule of Civil Procedure 12(b)(2) over Defendant Li and for improper venue under Federal Rule of Civil Procedure 12(b)(3) over all Defendants, or in the alternative to transfer venue pursuant to 28 U.S.C. § 1404(a) to the United States District Court for the Central District of California. Defendant Li resides in California and does not have the minimum contacts necessary for jurisdiction to be proper in New York. Additionally, none of Defendants reside in this district and a substantial part of the events or omissions giving rise to the claim occurred not in this district, but in the Los Angeles, California area, where the three corporate defendants are headquartered and the two individual defendants reside.

      **Factual Background.** Plaintiff's Complaint asserts claims for trademark counterfeiting, trademark infringement, and unfair competition under the Lanham Act, 15 U.S.C. § 1114, 1125 and New York law on the grounds that Defendants have collectively illegally imported and distributed products (the "Accused Products") bearing a federal trademark registration allegedly owned by Plaintiff. The claims are collectively alleged against three related corporate entities and certain of their officers and employees. It is undisputed that Defendants OCM Globe Inc. ("OCM Globe") and OCM Group USA Inc. ("OCM USA") are California corporations located in the Los Angeles area and Defendant OCM Group USA, NJ, Inc. ("OCM NJ") is a New Jersey corporation. (OCM Globe, OCM USA, and OCM NJ are collectively referred to herein as the "OCM Parties.") The Los Angeles area is the headquarters location for all of the OCM Parties'

operations in the U.S., including where all activities with respect to management, importation, distribution, and communication with other OCM facilities takes place.

Mr. Li is an individual residing in Chino, California (near Los Angeles) and an employee of OCM USA. He is neither an officer nor director. Mr. Li has no property in New York, has no rental or lease property of interest in New York, and conducts no business activities in New York, either to purchase products or to sell products, or any service-related business (other than those activities done on behalf of, and for the benefit of, OCM). In the last five years, Mr. Li has traveled to New York three times, only for the purpose of OCM Parties' businesses. Other than performing business activities as needed for the OCM Parties, Mr. Li never purposefully directed his activities toward New York.

While OMC sells and distributes the Accused Products throughout the U.S., sales in this district account for only a fraction of such sales, while sales in California account for nearly half of such sales, between August 2019 and May 2021.

**Personal Jurisdiction Over Mr. Li Is Not Proper Here.** Mr. Li is not subject to personal jurisdiction of this Court under either a theory of general or specific jurisdiction. Under New York Civil Practice Law and Rules ("CPLR") § 301, New York's general jurisdiction statute, a "court may exercise such jurisdiction over persons, property, or status as might have been exercised heretofore." *Lebron v. Encarnacion*, 253 F. Supp. 3d 513, 517 (E.D.N.Y. 2017). "[A]s it relates to individuals, the…inquiry focuses on whether the defendant may fairly be regarded as 'at home' in the forum state" which is "generally limited to that individual's domicile." *Id.* at 519 (quoting *Sonera Holding B.V. v. Cukurova Holding A.S.*, 750 F.3d 221, 225 (2d Cir. 2014). Here, Defendant Li lives in California, not New York, and in any case has not engaged in continuous and systematic contacts with New York. Such sporadic contact is insufficient to find general jurisdiction over Defendant Li.

Such contact is also insufficient to support a finding of specific jurisdiction under CPLR § 302(a), as Mr. Li does not "transacts any business" in New York and, even if so, this cause of action does not "aris[e] from such a business transaction." *Best Van Lines, Inc. v. Walker*, 490 F.3d 239, 246 (2d Cir. 2007). Mr. Li also has not conducted "purposeful activity," i.e., "'some act by which the defendant purposefully avails itself of the privilege of conducting activities within the forum State, thus invoking the benefits and protections of its laws." *Id.* (internal quotations omitted). Other than performing business activities as needed for the OCM entities, Mr. Li never conducted any purposeful activities toward New York. In any case, the alleged injuries in Plaintiff's Complaint do not arise out of or related to those activities.

Finally, "jurisdiction over the representatives of a corporation 'may not be predicated on jurisdiction over the corporation itself, and jurisdiction over the individual officers and directors must be based on their individual contacts with the forum state.'" *Levin v. Am. Document Servs., LLC*, No. 17-cv-1285, 2018 WL 2057144, at *10 (E.D.N.Y. Jan. 19, 2018). Here, Mr. Li is not an officer or director, but rather simply an employee of OCM USA. Assuming, *arguendo*, that this Court has personal jurisdiction over OCM USA—which Defendants do not concede—this cannot serve as the basis for personal jurisdiction over Mr. Li.

**Venue Is Not Proper Here.** Plaintiff also fails to meet its burden that venue is proper in this district ***as to every Defendant***. Importantly, "[t]he plaintiff must meet this burden ***as to each***

Hon. Margo K. Brodie
June 8, 2021
Page 3

---

***joined defendant***, and must demonstrate that venue is proper for ***each claim***." *Print Data Corp. v. Morse Fin., Inc.*, No. 01-CV-4430(WGB), 2002 WL 1625412, at *4 (D.N.J. July 12, 2002) (citing *Shuman v. Computer Assoc. Int'l*, 762 F.Supp. 114, 115 (E.D. Pa. 1991)); *see also* 15 Wright, Miller, & Cooper, Federal Practice & Procedure: Jurisdiction 2d, § 3808 (1986).

Venue is not proper under 28 U.S.C. § 1391(b)(1) because none of the Defendants reside in this district. Moreover, this Court has no personal jurisdiction over Mr. Li, as discussed above, and the case should be dismissed on this ground alone. Venue is also not proper under 28 U.S.C. § 1391(b)(2) because a substantial part of the events or omissions giving rise to the claim occurred in the Los Angeles, California area and not in this district. Such substantial events would include the import of Accused Products from China to California and distribution from California throughout the U.S., and the import, distribution, and sales decisions made thereto. Further, only a fraction of sales of the Accused Products occurred in this district, whereas nearly half of sales of the Accused Products occurred in California.

In making venue determinations in cases involving claims for trademark infringement, the location where events give rise to the claim is "where the allegedly infringing sales occur, ***not*** where the injury is felt." 6 McCarthy on Trademarks and Unfair Competition § 32:38.40 (5th ed.) (emphasis added); *Vanity Fair Mills, Inc. v. T. Eaton Co.*, 234 F.2d 633, 639 (2d Cir.1956). The location where allegedly infringing sales occur—i.e., where passing off occurs—is "where the deceived customer buys the defendant's product in the belief that he is buying the plaintiff's." *Id.* Here, nearly half of OMC Parties' overall sales to customers took place in California, while only a fraction of sales to customers took place in this district, making California where a substantial part of the events giving rise to the claims occurred. On top of that, every aspect of each of the OMC Parties' operations, management, and importation and distribution of the Accused Products occurs out of the Los Angeles-area headquarters, and all job duties of each of the individual Defendants is also performed out of the headquarters. There is no question that California, not New Jersey, is where all the substantial events giving rise to the claims occurred.

**Transfer of Venue.** In the alternative, Defendants request a transfer of venue pursuant to 28 U.S.C. § 1404(a) to the Central District of California, where all Defendants are subject to that court's jurisdiction and because the balance of factors favor transfer. Plaintiff's choice of forum is not entitled to deference because the bulk of the Accused Products, related documents, information, and witnesses are all available in the Los Angeles metro area and not in this district. Furthermore, non-party witnesses of the Chinese manufacturer of the Accused Product will testify as to facts material to the claims and defenses in this case, and it would be more convenient for those parties to testify in California than in New York.

For the foregoing reasons, Defendants respectfully request leave to file their motion to dismiss or transfer as set forth above. We thank the Court for its consideration of this request.

Very truly yours,

*/s/ Darren M. Geliebter*

Darren M. Geliebter

cc:     Counsel of Record (via ECF)