

230 Park Avenue
4th Floor West
New York, NY 10169

T 212.520.1172
F 646.349.5567

www.LombardIP.com

ERIC J. HUANG
E-MAIL: *ehuang@lombardip.com*

July 5, 2023

<u>*Via ECF*</u>

Hon. Margo K. Brodie
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

> Re:  *Northern Food I/E, Inc. v. OCM Globe Inc. et al.*,
> No. 1:21-cv-01813 MKB-SJB
> <u>Request to Modify Briefing Schedule for Motion for Sanctions</u>

Dear Judge Brodie:

This firm represents Defendants OCM Globe Inc., OCM Group USA Inc., OCM Group USA, NJ, Inc., Gang Wang, and Yaotian Li (collectively, "Defendants") in the above-referenced matter. Defendants hereby request, pursuant to Your Honor's Individual Practices and Rules, a modification to the briefing schedule for Defendants' contemplated motion for sanctions. Counsel for Plaintiff does not consent to Defendants' request.

Pursuant to the Court's Order dated June 16, 2023, the current schedule is as follows:

- Defendants shall serve their motion for sanctions on or before **July 7, 2023**;
- Plaintiff shall serve its brief in opposition to Defendants' motion for sanctions on or before **August 11, 2023**; and
- Defendants shall serve their reply brief in support of their motion for sanctions on or before **September 1, 2023**.

This is the same briefing schedule for Defendants' motion for summary judgment, which Defendants' do not seek to change. A first extension request to the schedule was previously granted. *See* Court's June 16, 2023 Order.

As a reminder to the Court, the grounds for Defendants' contemplated motion for sanctions are Plaintiff's continued reliance in this case on three images of products (the "Images") purporting to bear Plaintiff's trademark ("Asserted Mark"), which Defendants' forensics expert has concluded were fabricated. Defendants allege, based on the evidence at hand, that Plaintiff appears to have spoliated evidence by not preserving the native files for the Images, perpetrated a fraud on Defendants and the Court by submitting fabricated evidence of trademark use via the Images, and committed perjury by signing a declaration containing the Images. *See* Defendants' April 17, 2023

Hon. Margo K. Brodie
July 5, 2023
Page 2

---

Premotion Letter (D.I. 46.). Proving or disproving trademark use is dispositive of the issues in this case.

As Defendants understood Your Honor's Individual Practices and Rules, raising the contemplated motion in a premotion letter prior to filing the motion was not required, but was done as courtesy to advise the Court of its contemplated motion, to request an evidentiary hearing, and to seek guidance from the Court as to the proper procedure and schedule, since both of Defendants' motions would concern the same Images.

The parties were ordered to propose a briefing schedule and initially agreed to a simultaneous schedule for both motions. However, in preparing Defendants' summary judgment motion, it has become apparent that Plaintiff's *response* to Defendants' motion, as it relates to the Images in dispute, could provide a more complete picture of the potentially sanctionable conduct and serve to narrow the scope of those issues for the Court to consider in Defendants' motion for sanctions. After all, a central issue in Defendants' motion for sanctions will be Plaintiff's possible reliance—and the extent thereof—on the Images in support of its claims and defenses, which will become more clear *after* Plaintiff serves its opposition brief to the summary judgment motion.

Filing a motion for sanction before Plaintiff has had a chance to decide whether they will continue to rely on the Images would provide an incomplete picture of Plaintiff's potentially sanctionable conduct. Indeed, Plaintiff's decision on how it will proceed could obviate the need for the motion, or at least, narrow the scope of it. In fact, Plaintiff's April 25, 2023 response letter to Defendant's premotion letter has *suggested* they won't rely on the Images, stating: "Plaintiff simply does not need to rely on these three images to oppose Defendants' motion for summary judgment or in the subsequent trial….[T]o save judicial resource and to focus on real issues in this case, Plaintiff can restrain from using these three images in the opposition to Defendants' motion for summary judgment or in the trial if Defendants' proposed motion does not proceed." (D.I. 48.) (To be sure, conditioning Plaintiff's use of the Images on Defendants not bringing a sanctions motion is nonsensical, as it is the sanctionable conduct that compels the motion, not the other way around.)

In sum, it would conserve the parties' and Court's resources if Defendants could take a "wait and see" approach until Plaintiff acts. To that end, Defendants propose a revised briefing schedule as follows:

- Defendants shall serve their motion for sanctions on or before **August 18, 2023** (i.e., 1 week after Plaintiff's opposition to Defendants' motion for summary judgment due);
- Plaintiff shall serve its briefs in opposition to Defendants' motion for sanctions on or before **September 8, 2023**; and
- Defendants shall serve their reply briefs in support of their motion for sanctions on or before **September 22, 2023**.

In the alternative to modifying the schedule now, Defendants' request that the Court hold the briefing schedule in abeyance, unless and until Defendants approach the Court and determine that pursuing their motion for sanctions is still necessary after Plaintiff files its response to Defendants' summary judgment motion.

Hon. Margo K. Brodie
July 5, 2023
Page 3

---

      Counsel for Plaintiff does not consent to Defendants' request, on the grounds that they agreed to a previous extension and "more importantly [they] believe it is best for the court to handle these matters concurrently, not sequentially." Defendants respond that the Court may still decide the matters concurrently, while allowing for a staggered briefing schedule for the reasons stated above.

      We thank the Court for its consideration of this request.

Very truly yours,

*/s/ Eric J. Huang*

Eric J. Huang

cc:    Counsel of Record (via ECF)